UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERREBONNE PARISH COMMUNICATIONS DISTRICT<br>Plaintiff | * * * * | CIVIL ACTION NO: |
| | * | SECTION: |
| VERSUS | * * | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., ET AL.<br>Defendant | * * * | JUDGE: |
| | * | MAG. JUDGE : |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendants, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and Glatfelter Claims Management, Inc. ("Glatfelter") (collectively, "Defendants"), while fully reserving their rights to object to service, jurisdiction, and venue and without waiving any of their other defenses or objections, file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and hereby give notice of the removal of this action to the United States District Court for the Eastern District of Louisiana. As grounds for removal, Defendants state as follows:

## BACKGROUND

1. On August 29, 2023, Plaintiff, Terrebonne Parish Communications District ("Plaintiff"), filed a Petition for Damages ("Petition") in the 32nd Judicial District Court for the Parish of Terrebonne, naming as Defendants, National Union, Glatfelter, and Special Risk Insurance, Inc.[1]

2. Plaintiff alleges that Hurricane Ida caused damage to its property located at 112 Capitol Boulevard, Houma, Louisiana 70360.[2]

---

[1] Exhibit "1", Copies of all process, pleadings and orders filed in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana. *See* Petition at ¶ 1, attached hereto as Exhibit "2".

[2] *See* Exhibit 2 at ¶ 5.

1

3. In the Petition, Plaintiff seeks coverage for the alleged damage under Policy No. VFNU-TR-0000786-01/000, in effect from January 1, 2021 to January 1, 2022, issued by National Union to Plaintiff ("Policy"), asserting a claim for: (1) breach of contract for allegedly failing to properly compensate Plaintiff for amounts due under the Policy;[3] and (2) statutory penalties and attorneys' fees for bad faith under Louisiana Revised Statutes §§ 22:1973 § 22:1892.[4]

## VENUE

4. Under 28 U.S.C. § 1441(a), this action may be removed to the district court of the United States for the district and division embracing the place where the state court action is pending. Venue for the removal is, therefore, proper in the United States District Court for the Eastern District of Louisiana, as this is the district embracing Terrebonne Parish, Louisiana[5] – the location of the pending state court action.

## BASIS FOR REMOVAL — DIVERSITY JURISDICTION

5. Defendants remove this matter pursuant to 28 U.S.C. § 1441(a). The Court's removal jurisdiction is based on diversity jurisdiction under 28 U.S.C. § 1332, which exists when there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332; *Felton v Greyhound Lines, Inc.*, 324 F.2d 771, 773 (5th Cir. 2003). Under Section 1332,

6. For purposes of diversity, a political subdivision of a State, unless it is simply the arm or alter ego of the State, is a citizen of the State for diversity purposes." *Terrebonne Par. Fire Dist. No. 7 v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 652 F. Supp. 3d 690, 695 (E.D. La. 2023) (*quoting Moor v. Alameda Cty.*, 411 U.S. 693, 717, 93 S. Ct. 1785, 36 L.Ed.2d 596 (1973)).

---

[3] *See* Exhibit 2 at ¶ 20.
[4] *See* Exhibit 2 at ¶ 23.
[5] *See* 28 U.S.C. § 98(a) ("The Eastern District comprises the parishes of … Terrebonne…").

The Petition states that Plaintiff is a political subdivision organized and existing under the laws of the State of Louisiana and domiciled in the Parish of Terrebonne, Louisiana.[6] Thus, Plaintiff is a citizen of Louisiana for purposes of diversity jurisdiction.

7.  The citizenship of a corporation for diversity purposes is determined by looking to both "the state in which it was incorporated and the state in which it has its principal place of business.". *See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (citing *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988)). National Union is incorporated in the State of Pennsylvania with its principal place of business in New York City, New York.[7] Therefore, National Union is a citizen of the State of Pennsylvania and/or New York for purposes of diversity jurisdiction.

8.  Glatfelter is incorporated in the state of Pennsylvania with its principal place of business located in York, Pennsylvania.[8] Thus, Glatfelter is a citizen of the State of Pennsylvania for purposes of diversity jurisdiction.

9.  Although Special Risk is a Louisiana corporation with its principal place of business in Louisiana, Plaintiff improperly joined Special Risk, and its citizenship should be disregarded for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332(a).

10.  "[U]nder the … [improper] joinder doctrine, federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined non-diverse and/or in-state defendant." *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006); *see also, Smallwood v. Illinois Centl. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The Fifth Circuit has recognized two tests for establishing improper joinder. *See Larroquette v. Cardinal Health*

---

[6] *See* Exhibit 2 at introductory paragraph.
[7] *See* Pennsylvania Secretary of State Search Results for National Union, attached hereto as Exhibit "3".
[8] *See* Pennsylvania Secretary of State Search Results for Glatfelter, attached hereto as Exhibit "4".

*200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006).  First, improper joinder will be found when there is actual fraud in the pleading of jurisdictional facts.  *See id.*  Second, improper joinder will be found where the plaintiff is unable to establish a cause of action against the non-diverse party in state court.  *See id.*  In this case, the second test is at issue.

11. Under the second test for establishing improper joinder, the court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the non-diverse defendant.  *See Ross v. CitiFinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003).  A reasonable basis for state liability requires that there be a reasonable possibility of recovery, not merely a theoretical one.  *See Ross*, 344 F.3d at 462.  In evaluating the question, the Fifth Circuit has held that the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim.  *See Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)(*citing Ross*, 344 F.3d at 462-463); *Travis v. Irby*, 326 F.3d 644, 648-649 (5th Cir. 2003).

12. Based on the facts of this case, there exists no reasonable basis for predicting that state law might impose liability on the allegedly non-diverse Defendant, Special Risk.

13. Special Risk is a "producer agency," not an insurer or claims organization.[9]  Consistent therewith, the LDI website does not list Special Risk as an authorized or licensed "insurer" or claims organization in the State of Louisiana, nor do the LDI records contain any license or certificate authorizing Special Risk to issue insurance policies to policyholders, to insure risks located in the State of Louisiana, or to handle claims made by property owners in Louisiana.  Furthermore, consistent with the foregoing, the Policy under which Plaintiff seeks coverage and

---

[9]   *See* Records of the Louisiana Department of Insurance, attached hereto as Exhibit "5".

which forms the basis of this proceeding was issued by National Union, not Special Risk. And, the claim made by Plaintiff under the Policy was handled by Glatfelter, not Special Risk.

14. Plaintiff asserts two claims in its Petition: (1) breach of an insurance policy; and (2) bad faith under Louisiana Revised Statutes §§ 22:1892 and 1973 pertaining to claims handling of a claim made under the policy.[10] As such, the case involves a contract dispute as to what obligations, if any, are owed to Plaintiff under the Policy for the alleged loss, and whether the payment or handling of the claim entitles plaintiff to recovery for bad faith.

15. In order to assert a claim for breach of contract, there must be privity of contract. *See e.g., Pearl River Basin Land & Develop. Co. LLC v. State ex rel. Governor's Office of Homeland Sec. & Emerg. Preparedness*, 29 So.3d 589 (La. App. 1st Cir. 2009)("[N]o action may lie in the absence of privity of contract between the parties."(*quoting Long v. Jeb Breithaupt Design Build, Inc.*, 4 So.3d 930, 941-942 (La. App. 2d Cir. 2009). Special Risk did not issue the Policy. Instead, National Union did. In light of the absence of privity of contract, Plaintiff has no reasonable basis of recovery under Louisiana law for a cause of action of breach of contract vis-à-vis the Policy.

16. Similarly, bad faith claims under Louisiana Revised Statutes §§ 22:1892 and 22:1973 only apply to insurers. *See* La. Rev. Stat. 22:1982 ("All *insurers* … shall pay the amount of any claim due…")(emphasis added); LA. REV. STAT. § 22:1973 ("An *insurer* … owes to his insured a duty of good faith and fair dealing."); *see also*, *e.g., Cenac v. Orkin, LLC*, 941 F.3d 182 (5th Cir. 2019); *Walker v. Dollar Tree Stores, Inc*., 316 So.3d 585 (La. App. 2 Cir. 2021). Special Risk is not an insurer. Accordingly, Plaintiff has no reasonable basis of recovery against Special Risk under Louisiana law for its cause of action for bad faith.

---

[10] *See* Exhibit 2 at ¶¶ 17-23.

17.     As the foregoing demonstrates that there is no possibility of recovery against Special Risk under state law for the causes of action asserted, its presence should be ignored for jurisdictional purposes, and therefore, complete diversity exists between the parties.

18.     In addition, the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff alleges its repair costs covered by the Policy total $316,080.00 and that National Union has only tendered $288,612.37. It further alleges that the failure to fairly and timely adjust and pay the claim entitles it to penalties and attorneys' fees pursuant to Louisiana Revised Statutes § 22:1892 and 22:1973. This means that Plaintiff alleges entitlement to $27,467.63 in contractual damages and bad faith penalties of $158,040.00 under Louisiana Revised Statute § 22:1892, even without regard to the claim for attorneys' fees and/or alternative penalties under Section 1973. Accordingly, it is apparent from the face of the Petition that the amount in controversy exceeds the jurisdictional threshold of $75,000.00, exclusive of costs and interest..

## TEMPORAL AND PROCEDURAL REQUIREMENTS

19.     On October 23, 2023, National Union was served with the Citation and Petition.[11]

20.     On October 24, 2023, Glatfelter was served with the Citation and Petition.[12]

21.     Special Risk has not been served with the Citation and Petition.

22.     This Notice of Removal is filed less than 30 days after National Union and Glatfelter received service of Plaintiff's Petition. Accordingly, it is timely under 28 U.S.C. § 1441(b)(1).

23.     In this case, National Union and Glatfelter are the only properly joined Defendants, and therefore, the consent requirement does not apply to Special Risk.

---

[11] *See* Exhibit 1 at Service of Process correspondence from Louisiana Secretary of State.
[12] *See* Exhibit 1 at Proof of Service executed on October 24, 2023.

6

24. Pursuant to 28 U.S.C. §§ 1446(a) and 1447(b), copies of all process, pleadings, and orders filed in the state-court record, including "all process, pleadings and orders served upon" National Union and Glatfelter, are attached hereto as Exhibit "1."

25. Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of Court for the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.

26. By removing the action, Defendants do not waive, and hereby reserve, all defenses and objections to the Petition, including, but not limited to, lack of personal jurisdiction, improper venue, insufficiency of process, prematurity, failure to state a claim upon which relief may be granted, or any other procedural remedies available to it.

27. By removing this action, Defendants do not admit any of the allegations in the Petition.

28. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that she has read the foregoing Notice of Removal, that to the best of her knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

**WHEREFORE**, Defendants, National Union Fire Insurance Company of Pittsburgh, Pa. and Glatfelter Claims Management, Inc., respectfully request that this Court assume full jurisdiction over the cause herein as provided by law. This Court has jurisdiction over the dispute because all properly joined parties are completely diverse and the jurisdictional amount has been met.

*[Signature block and Certificate of Service on next page]*

Respectfully submitted,

*/s/ Stefanie N. Stephens*
Robert I. Siegel (No. 12063)
Victoria E. Emmerling (No. 33117)
Stefanie N. Stephens (No. 38417)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
Hancock Whitney Center
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
Email: rsiegel@glllaw.com
 temmerling@glllaw.com
 sstephens@glllaw.com

*Counsel for National Union Fire Insurance Co. of Pittsburgh, PA; Glatfelter Claims Management, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been electronically filed this date and delivered to all counsel of record by Notice of Electronic Filing from the Court, by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed, by hand delivery, via facsimile transmission or via electronic mail from the undersigned counsel, this 20th day of November, 2023.

*/s/ Stefanie N. Stephens*
STEFANIE N. STEPHENS